UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS CABLE,

    Plaintiff,                                  CASE NO.:

v.

ALTERNATIVE CARE STAFFING, INC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, THOMAS CABLE, hereby sues Defendant, ALTERNATIVE CARE STAFFING, INC., and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

3. Plaintiff, THOMAS CABLE ("Cable" or "Plaintiff"), is a resident of

Hillsborough County, Florida, at all times material and worked for Defendant in this Juridical District during the applicable statute of limitations.

4. Defendant, ALTERNATIVE CARE STAFFING, INC. ("Alternative" or "Defendant"), is a Florida corporation authorized and doing business in this Judicial District.

5. At all times material herein, Plaintiff was a non-exempt employee of Defendant, pursuant to 29 U.S.C. § 203(e)(1).

6. Defendant, ALTERNATIVE CARE STAFFING, INC., is an employer within the meaning of 29 U.S.C. s. 203(d) and subject to the Fair Labor Standards Act because it is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A), because it has employees engaged in commerce or in the production of good for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and because it has an annual gross volume of sales made or business done greater than $500,000.00.

7. Plaintiff is entitled to the protections provided by the FLSA because he is an individual engaged in commerce or in the production of goods for commerce.

## FACTUAL ALLEGATIONS

8. Plaintiff, THOMAS CABLE, was employed with Defendant from July

2014, until August 2021, as a full time Personal Support/Caregiver earning $475.00 a week.

9. During the course of Plaintiff's employment, Plaintiff was required to work eight (8) hours a day, Monday through Friday, and twelve (12) hours a day on the weekends.

10. Plaintiff was not compensated at the rate of at least one and a half times his regular hourly rate of pay pursuant to the Fair Labor Standards Act (FLSA) for all hours worked over forty (40) in the work week.

11. Plaintiff was not exempt from the overtime provisions of the FLSA. In fact, Plaintiff is entitled to overtime compensation for all overtime hours worked under the FLSA.

12. Plaintiff has retained the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

## COUNT I
## FAIR LABOR STANDARDS ACT ("FLSA") – OVERTIME

13. Plaintiff realleges paragraphs one (1) through twelve (12) as though set forth fully herein.

14. The employment of Plaintiff provided for a forty (40) hour work week but throughout his respective employment Plaintiff did work a substantial number of hours in excess of forty (40) hours per work week.

15. At all times material, Defendant failed to comply with 29 U.S.C. § 201

*et seq.*, in that Plaintiff worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate Plaintiff at the rate of time and one-half his regular rate of pay for the hours worked over forty (40) in a work week.

16. Defendant's failure to pay Plaintiff the required overtime pay was intentional and willful.

17. As a direct and legal consequence of Defendant's unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE**, Plaintiff, THOMAS CABLE, respectfully request all legal and equitable relief allowed by law including judgment against Defendant for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendant's unlawful pay policy and such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

18. Plaintiff requests a jury trial on all issues so triable.

Dated this 18th day of March 2022.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/Christopher D. Gray*
**CHRISTOPHER D. GRAY, ESQUIRE**

Florida Bar No.: 902004
Primary: chris@fgbolaw.com
Secondary: debbie@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff