UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS CABLE,

    Plaintiff,

v.                               Case No. 8:22-cv-632-VMC-TGW

ALTERNATIVE CARE STAFFING,
INC.

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the Joint, Unopposed Motion to Dismiss with Prejudice and for Approval of Settlement (Doc. # 27), filed on January 27, 2023. The Court grants the Motion.

**I.  Background**

Plaintiff Thomas Cable filed this action against his former employer Alternative Care Staffing, Inc. on March 18, 2022, alleging a violation of the overtime provisions of the Fair Labor Standards Act (FLSA). (Doc. # 1).

The Court issued its fast-track Scheduling Order on April 14, 2022. (Doc. # 14). Thereafter, Alternative Care Staffing, Inc. filed an unopposed motion to compel arbitration. (Doc. # 18). The Court granted the motion and stayed the case pending arbitration. (Doc. # 19).

1

On January 11, 2023, the parties filed a joint stipulation of dismissal with prejudice. (Doc. # 22). Pursuant to the Court's order directing him to indicate whether a settlement had been reached, Mr. Cable filed a notice of settlement on January 19, 2023. (Doc. # 24). The Court then lifted the stay and directed the parties to file a motion for settlement approval. (Doc. ## 26, 25). At the Court's direction, the parties now seek approval of the settlement. (Doc. # 27).

## II. Analysis

Mr. Cable alleges that Alternative Care Staffing violated the overtime provisions of the FLSA. Accordingly, any settlement of this claim reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982); see also Christopher v. Residential Realty Servs. Corp., No. 19-CV-61240, 2019 WL 11506012, at *2 (S.D. Fla. Dec. 10, 2019), report and recommendation adopted, No. 19-61240-CIV, 2020 WL 7491558 (S.D. Fla. Apr. 6, 2020) ("[T]he Court has an independent duty to review the terms of the proposed Rule 68 offer of judgment in the context of the FLSA claims.").

The parties have reached a settlement wherein it is agreed that Mr. Cable will receive $5,000. (Doc. # 27-1 at

1). It has also been agreed that his counsel will receive $3,000 in fees and costs. (Id.).

The parties represent that the attorneys' fees to be paid to Mr. Cable's counsel were negotiated separately and did not compromise the amount to be paid to Mr. Cable. (Doc. # 27 at 15). Additionally, the parties explain that issues in this case are still in dispute and the settlement reached "reflects a reasonable compromise of the disputed issues." (Id. at 9).

Pursuant to Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1] The settlement is

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.

fair on its face and represents a reasonable compromise of the parties' dispute.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) The Joint, Unopposed Motion to Dismiss with Prejudice and for Approval of Settlement (Doc. # 27) is **GRANTED.**

(2) The parties' settlement is approved. This case is **DISMISSED WITH PREJUDICE.** The Court does **not** retain jurisdiction to enforce the settlement agreement or enter judgment.

(3) The Clerk is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3rd day of February, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4